**Nola BARRETT, Plaintiff,**

v.

**QUAL–MED, INC., Defendant.**

**No. 93–C–871.**

United States District Court,
D. Colorado.

Feb. 28, 1994.

Beverly Ballentine, Littleton, CO, for plaintiff.

David Stark, Denver, CO, for defendant.

## ORDER

CARRIGAN, District Judge.

Plaintiffs Nola Barrett and Donald F. Kiegler, Jr. commenced this action against Qual–Med, Inc., a Delaware corporation (Qual–Med Delaware), alleging violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Trial is scheduled to begin on February 28, 1994. On February 10, 1994, the plaintiffs moved to amend the caption and complaint pursuant to Fed.R.Civ.P. 15. Defendant opposes that motion.

The issues have been briefed and oral argument would not materially facilitate the decision process. Jurisdiction is founded upon 28 U.S.C. § 1343(a)(1) and (3).

---

1. For example, in *Frank,* the Tenth Circuit observed that the plaintiffs knew long before they filed their motion to amend that the party they sought to add was a possible defendant; their failure previously to add that party had been a strategic decision. *Id.* at 1366 & n. 9. In *Castleglen, Inc. v. Resolution Trust Corp.,* the court noted that the plaintiffs had been aware of the defendants they sought to add for over a year and a half. 984 F.2d 1571, 1585 (10th Cir.1993).

## I. BACKGROUND.

Qual–Med Delaware is headquartered in Pueblo, Colorado. It owns and operates health maintenance organizations, including Qual–Med Plans for Health, Inc., a Colorado corporation (Qual–Med Colorado). Plaintiffs were employed by Qual–Med Colorado. However, they erroneously asserted their ADEA claim against Qual–Med Delaware. Plaintiffs now seek to add Qual–Med Colorado as a defendant.

## II. ANALYSIS.

■ Rule 15(a), Fed.R.Civ.P., provides that leave to amend "shall be freely given when justice so requires." Nevertheless, refusing leave to amend is justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, failure to cure deficiencies by previously allowed amendments, or futility of the amendment. *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993).

■ Defendant argues that this court should deny the plaintiffs' motion to amend because of undue delay. The Tenth Circuit frequently has held that untimeliness is a sufficient reason to deny leave to amend. *See id.* (citing cases). However, in so holding, the Tenth Circuit has emphasized that the plaintiffs whose motions were denied because of untimeliness could have sought to amend without delay.[1]

Here, the defendant argues that the plaintiffs were on notice that they had sued the wrong entity when Qual–Med Delaware filed its answer; thus, they could have sought to amend without delay.

An examination of the complaint and the answer fails to support the defendant's contention. Paragraph 2 of the plaintiff's complaint states:

In *Woolsey v. Marion Lab., Inc.,* the court stated that "no new evidence that was unavailable at the original filing had come to Woolsey's attention." 934 F.2d 1452, 1462 (10th Cir.1991). Finally, in *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* the court observed that the facts underlying the claim that the plaintiff sought to add were known to the plaintiff when it commenced the action. 893 F.2d 1182, 1185 (10th Cir.1990).

"Defendant is a corporation organized under the laws of the State of Delaware, and is registered to do business in the State of Colorado with the Colorado Secretary of State, and maintains a business office in Aurora, Colorado, within the jurisdiction of this Court, and at times hereinafter mentioned, Defendant employed Plaintiffs at its Aurora office located at 14001 E. Iliff, Aurora, Colorado, 80013."

Defendant responded, "Qual–Med admits that it is a corporation organized under the laws of the State of Delaware, and that it is registered to do business in the State of Colorado. Qual–Med denies the remaining allegations contained in paragraph 2 of the complaint."

Nowhere in the answer is there a clear reference to the fact that Qual–Med, Inc. was not the proper defendant. Moreover, in its answer, Qual–Med further stated that the plaintiffs' employment with Qual–Med was terminated "in the proper exercise of Defendant's business judgment." This statement, far from putting the plaintiffs on notice that they had sued the wrong entity, reasonably led them to believe that they must have been employed by the defendant in order to be fired by the defendant.

■ Of course the normal, and decent, procedure in situations such as this is to raise the matter by a telephone call notifying opposing counsel she has sued the wrong entity, so that a correction can be made with a minimum of wasted time and expense. Absent decency, at least the issue should be promptly and clearly raised by a timely motion to dismiss. Neither of those steps occurred here.

Nor did the defendant seek summary judgment on the ground that the plaintiffs had sued the wrong entity. Rather, it argued that there were no genuine issues of material fact. Only now, on the eve of trial, has the defendant in its trial brief asserted that "there is no evidence to support an employment discrimination claim by the Plaintiffs against Qual–Med Delaware, because it is a separate company from [Qual–Med Colorado] which did not employ the plaintiffs at any time." This is the very kind of litigation by technicality the Federal Rules of Civil Procedure were adopted to preclude. Those rules are to be interpreted "to secure the *just,* speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1 (emphasis added). Susceptibility of the previous systems of common law pleading and code pleading to trial by ambush or surprise of the type attempted in the instant case led to the demise of those systems in the hope that the newer rules would lead to decision of cases on the merits rather than technicalities. Unfortunately some attorneys persist in hardball tactics. Courts, however, need not tolerate such tactics, and this court will not.

■ Although untimeliness alone may support a trial court's decision to deny a plaintiff's motion to amend, it is within the discretion of the trial court whether to grant such a motion. *See, e.g., Frank,* 3 F.3d at 1365. Defendant has demonstrated no unfair prejudice that would result if this court grants leave to amend. It has shown no bad faith on the part of the plaintiffs. Certainly amendment would not be futile. Accordingly, IT IS ORDERED that the plaintiffs' motion for leave to amend the caption and the complaint by adding Qual–Med Colorado as a defendant is granted.